630 A.2d 503

**M & M LAWN SERVICE and General Accident Insurance Company, Petitioners,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (GOGGIN), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 21, 1993.

Decided Aug. 4, 1993.

Norman A. Coliane, for petitioners.

Edward J. Abes, for respondent.

Before COLINS and FRIEDMAN, JJ., and LORD, Senior Judge.

COLINS, Judge.

M & M Lawn Service (Employer) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision to deny Employer's petition to modify Cynthia A. Goggin's (Claimant) workmen's compensation benefits.

On July 11, 1984, Claimant injured her back in the course of her employment, and, after litigating her claim before a referee, she was granted workmen's compensation benefits. On October 16, 1989, Employer filed a modification petition, alleging that as of July 17, 1989, work was available to Claimant within her physical limitations. The petition further alleged that Claimant did not demonstrate good faith in following through on job referrals. Claimant filed an answer deny-

ing Employer's allegations, and a hearing was held before a referee.

At the hearing, Employer argued, *inter alia,* that Claimant acted in bad faith when applying for three positions at Munchies. Employer does not argue that Claimant failed to apply for these positions. Instead, Employer asserts that Claimant acted in bad faith by requesting a salary of $5.00 to $7.00 per hour, when she knew that the positions at Munchies paid the minimum wage of $3.70 per hour. The referee made the following findings of fact on this question:

11. The claimant applied for the counter sales clerk position at Munchies on July 27, 1989. The position was for 30–35 hours per week at $3.70 per hour. Ms. Hilyard [Employer's vocational expert] testified that Rosanna Coccoli, President of Munchies, stated that the position had not yet been filled but the claimant was not being considered because the applicant desired $5.00 – $7.00 an hour.

12. The Claimant testified that at M & M Lawn services she was earning $8.20 an hour. She testified that $5.00 to $7.00 an hour was a reasonable request. Your referee finds that this request was not made in bad faith.

13. The claimant also applied for the lottery clerk position at Munchies. As well, claimant wrote on the job application that she felt that she should earn $5.00 to $7.00 an hour. Your referee finds that this request was not made in bad faith.

The referee denied Employer's modification petition on the ground that Claimant applied for the positions at Munchies, as well as all other available positions, in good faith. Employer appealed to the Board, which affirmed. This appeal followed.

■ Employer contends that the referee erred in concluding that Claimant acted in good faith when applying for the positions at Munchies, because her request for a salary of $5.00 to $7.00 per hour, when she knew the job paid the minimum wage, was tantamount to refusing the position.

■ In *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987), our Supreme Court established the procedure governing the return to work of injured employee; that procedure is as follows:

1. The employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of his ability must first produce medical evidence of a change in condition.

2. The employer must then produce evidence of a referral (or referrals) to a then open job (or jobs), which fits in the occupational category for which the claimant has been given medical clearance, *e.g.*, light work, sedentary work, etc.

3. The claimant must then demonstrate that he has in good faith followed through on the job referral(s).

4. If the referral fails to result in a job then claimant's benefits should continue.

*Id.* at 252, 532 A.2d at 380. Injured employees are required to make a good faith effort to return to the workforce, if possible, and "their benefits can be modified for failure to follow up on referrals or *for willfully sabotaging referrals.*" *Id.* at 252, 532 A.2d at 380 (emphasis added).

In *Champion Home Builders Company v. Workmen's Compensation Appeal Board (Ickes)*, 136 Pa.Commonwealth Ct. 612, 585 A.2d 550 (1990), *petition for allowance of appeal denied,* 528 Pa. 638, 598 A.2d 995 (1991), we held that an employee is not attempting to sabotage a job prospect if he or she gives honest responses to an employer's questions on a job application. In *Champion,* an employee, in response to questions on an employer's application, informed prospective employers that he was under a doctor's care and had not been released for work by a physician, that he had physical limitations and did not know of any steps to accommodate the limitations, and that he had difficulty sitting or standing for extended periods of time. This Court concluded that the employee's responses were honest replies to the prospective employer's questions about his ability to perform the job, and,

for that reason, we held that the employee was not attempting to sabotage the potential employment.[1]

In the present case, Claimant testified that the employment application she was given by Munchies asked what salary she desired and that she responded on the application that she desired a salary of $5.00 to $7.00 an hour. She testified that she would not have requested any particular salary if that question was not on the application. Claimant testified that she believed that her request for a salary of $5.00 to $7.00 was reasonable. While the positions at Munchies paid the minimum wage, nothing in the record indicates that Claimant intentionally demanded a higher salary in order to sabotage her chances of being hired. In our view, Claimant's salary request was no more than a honest response to a question on Munchies' employment application. Therefore, we hold that the referee's finding that Claimant's salary request did not constitute bad faith is supported by substantial evidence.

■ We disagree with Employer's argument that Claimant's request for a higher salary was, in itself, tantamount to refusing the positions. In our view, an employee's attempt to negotiate a higher salary, without more, does not indicate that the employee was willfully seeking to sabotage a potential job. Moreover, since the amount of compensation paid by an employer or its insurance carrier is reduced by the salary an injured employee earns, it is clearly in the employer's interests for an employee to receive the highest possible salary.

Accordingly, the order of the Board is affirmed.

## ORDER

**AND NOW,** this 4th day of August, 1993, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.

1. The Board has also held that a claimant's psychological problems, which caused the claimant to have a poor appearance and demonstrate a lack of enthusiasm, did not constitute bad faith. *Lowery v. Jackson Manufacturing Company,* 4 PA Worker's Comp.L.Rep. (LRP Pub.) ¶ 1011 (1989).